UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MUNDAY,<br><br>Defendant. | Case No. 4:12-cr-00034-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant David Munday's motion for early termination from supervised release. Dkt. 28. The Government opposes the motion. Dkt. 32. For the reasons explained below, the Court will deny the motion.

# RELEVANT BACKGROUND

In 1988, Mr. Munday was convicted of raping his nine-year-old stepdaughter. He was incarcerated for 10 years for that crime and paroled to Indiana. In 2000, he absconded to Pocatello, violating his supervised release and earning an additional six years imprisonment.

In 2008, he moved to Pocatello. A few years later, in 2011, Pocatello Police Department received a report that Mr. Munday had allegedly sexually abused two young neighbor girls, ages 9 and 11. He agreed to a second interview with law

enforcement, but instead fled the state. Six months later, law enforcement located him in Kentucky. He came before this Court for failing to register as a sex offender during that time.

On October 6, 2012, the Court sentenced him to 51 months imprisonment followed by 15 years of supervised release. He was released on October 28, 2015 and is approaching eight years on supervised release. In that time, there have been no issues of non-compliance.

## DISCUSSION

The Court may terminate supervised release if it determines "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Just as a court has broad discretion in imposing terms of supervised

release, it has broad discretion to consider a "wide range of circumstances" in determining whether to terminate an individual's supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

After having considered these factors, the Court concludes that the interests of justice do not warrant early termination of supervision. The Court compliments Mr. Munday for his performance on supervision. However, Mr. Munday has not outlined any changes in circumstances that would justify the early termination of supervision. At best, he cites to his treatment, employment record, and marital and social relationships. The Court commends these choices. However, they do not warrant early termination given his serious previous criminal history.

This case is particularly striking because, as Mr. Munday's motion highlights, he has served 18 years incarceration for failing to comply with the terms of parole and supervised release. His current term of supervision has undoubtably been his most successful, but it is not sufficient to erase the prior decades. Put simply, the Court cannot conclude, based on Mr. Munday's criminal history, that terminating Mr. Munday's supervision is consistent with public safety.

The Court also notes that if Mr. Munday wishes to move away from Pocatello, he may request that the U.S. Probation Office transfer his supervision to another jurisdiction.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to terminate supervised release (Dkt. 28) is **DENIED**.

DATED: July 13, 2023

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**